NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SKY SOLUTIONS, LLC, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Civil Action No. 2:07-CV-02456 (DMC) |
| CENDANT MOBILITY SERVICES : CORPORATION n/k/a CARTUS CORPORATION, : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) by Defendant Cendant Mobility Services Corporation n/k/a Cartus Corporation ("Cartus") against Plaintiff Sky Solutions, LLC ("Sky"). Cartus, in the alternative, moves to transfer venue pursuant to 28 U.S.C. §1404(a). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, this Court finds that Cartus' motion to dismiss is **denied**; and Cartus' motion to transfer venue is **denied**.

## I. BACKGROUND[1]

Cartus is incorporated in the State of Delaware, with its principal place of business in Danbury, Connecticut. The parties entered into a Master Computer Consulting Services Agreement ("Agreement") whereby Sky, a limited liability company that primarily conducts business in the State of New Jersey, agreed to perform computer consulting and developmental

---

[1] The facts set forth in this Opinion are taken from Cartus' statement of facts and Sky's responses thereto.

services in exchange for payment in the amount of $1,758,450.00. The Agreement is dated February 14, 2005 and provides that New York law shall control. According to the Complaint, Sky performed certain services according to a schedule and claims that it is owed fees in the amount of $325,775.00. Cartus admits that they have not paid these fees as, contrary to Sky's claim, Cartus alleges that Sky has not provided any deliverables or services of value under the Agreement.

Cartus now moves to dismiss Sky's Complaint for failing to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). Cartus claims that Section 14 of the Agreement, titled CONSEQUENTIAL DAMAGES, provides that damages assessed against them for breach of contract cannot exceed the total amount of fees paid by Cartus to Sky. As stated above, Cartus has not paid *any* fees to Sky, which would effectively eliminate Sky's ability to get a damages award. Also, Cartus, in the alternative, moves to transfer venue on the ground that it would be more convenient to litigate this case in Connecticut, where its principle place of business is.

## II.     STANDARDS OF REVIEW

### A.     STANDARD OF REVIEW ON 12(b)(6) MOTION TO DISMISS

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a

complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the FED. R. CIV. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Bell Atl. Corp., 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 127 S.Ct. at 1965.

      **B.**     **MOTION TO TRANSFER PURSUANT TO §1404(A).**

A court may transfer an action for the convenience of the parties and witnesses and in the interests of justice to any district where the action might have been brought initially. 28 U.S.C. § 1404(a). The function of Section 1404(a) is "to prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). The moving party bears the burden of establishing that transfer is appropriate. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248 (1981). Analysis of whether transfer is warranted does not necessarily require an extensive investigation, but the moving party must demonstrate that the proposed alternative forum is more convenient than the present forum. Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

**III.**     **DISCUSSION**

      **A.**     **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Cartus correctly provides that this case would be governed under New York law pursuant to the Agreement.  Under New York law, when interpreting a contract, a court should "determine the intent of the parties from the four corners of the contract, giving full effect to the plain meaning of the language used and parties' reasonable expectations."  <u>Jackson Heights Care Center LLC v. Bloch</u>, 833 N.Y.S.2d 581, 584 (App. Div. 2007) (citations omitted).  Where a provision is ambiguous, however, "[a] court will endeavor to give the [contract] construction most equitable to both parties instead of the construction which will give one of them an unfair and unreasonable advantage over the other.'"  <u>Lai v. Gartlan</u>,  845 N.Y.S.2d 30, 38 (App. Div. 2007) (quoting <u>Fleischman v Furgueson</u>, 223 N.Y. 235, 241 (1918)).  Here, the damages provision provides, "EACH PARTY'S AGGREGATE LIABILITY HEREUNDER SHALL IN NO EVENT EXCEED TOTAL FEES PAID BY [CARTUS] TO [SKY] HEREUNDER."  This provision, which is located in Section 14 of the Agreement, is ambiguous and open to an interpretation that differs from Cartus' interpretation.  This Court agrees with Sky's argument that Cartus' interpretation of the clause is "strained, irrational and tortured."  If a different interpretation of this provision were to be accepted, Sky may be entitled to relief.  As Sky has demonstrated that it can support its claim, this Court sees no reason to engage in a further review of the parties' various other arguments.  As such, dismissal pursuant to 12(b)(6) is **denied**.

  **B.**  M<small>OTION TO TRANSFER VENUE PURSUANT TO</small> **28 U.S.C. §1404(A)**

Cartus has failed to demonstrate that it would be more convenient to transfer the present action from New Jersey to Connecticut.  Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

4

other district or division where it might have been brought." 28 U.S.C. 1404(a); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The burden of establishing the need for transfer rests with the movant. Jumara, 55 F.3d at 879. When determining whether to grant a motion to transfer venue to a different forum under §1404(a), the court must evaluate several private and public interest factors. Id. at 877-78. The private interests include:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (citations omitted). The public interests include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted). In ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed. Id. at 879 (citation omitted); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947) (finding that "unless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed"); see also Lawrence v. Xerox Corp., 56 F. Supp. 2d. 442, 452 (D.N.J. 1999) (finding that "the choice of forum by a plaintiff is a paramount concern in a Section 1404(a) analysis").

Here, Cartus has alleged that several private and public interests support their claim that Connecticut is a more convenient forum including: Cartus' preference of Connecticut, that the present cause of action arose in Connecticut, and the location of the files and witnesses are in

5

Connecticut. Although Cartus' preference of forum is a factor in the venue transfer determination, Sky's selection of New Jersey substantially outweighs it. Also, while it is undisputed that some of the meetings and work occurred in Connecticut, Sky asserts that much of the business was conducted over the telephone. Finally, this Court does not find a significant hardship for Cartus to produce records and witnesses in New Jersey, especially as the two states are neighboring. As such, Cartus has failed to demonstrate that venue should be transferred from Sky's forum choice of New Jersey to Connecticut.

### IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Cartus' motion to dismiss is **denied**; and Cartus' request to transfer venue is **denied**. An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
 Dennis M. Cavanaugh, U.S.D.J.

Date: February  28 , 2008
Orig.: Clerk
cc: All Counsel of Record
 Hon. Mark Falk, U.S.M.J.
 File